IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *   CRIMINAL NO. JRR-24-0023 |
| OWEN JARBOE, | * |
| EVAN STRAUSS, | * |
| and | * |
| BRAYDEN GRACE, | * |
| | * |
| Defendants. | ****** |

**GOVERNMENT'S MOTION FOR PERMISSION TO
SUBMIT A STATUS REPORT AND TO EXCLUDE
TIME PURSUANT TO THE SPEEDY TRIAL ACT**

The United States of America, through its undersigned attorneys, hereby submits this Motion for Permission to Submit a Status Report and to Exclude Time Pursuant to the Speedy Trial Act. In support of this motion, the government states as follows

1.  On January 30, 2024, a grand jury returned an indictment charging defendant Owen Jarboe with one count of cyberstalking in violation of 18 U.S.C. § 2261A(2)(B). ECF 15. On February 1, 2024, defendant Jarboe made his initial appearance on that indictment. ECF 20.

2.  On March 4, 2024, this Court ordered that all time between February 1, 2024 and May 1, 2024 be excluded from the computation of time in which defendant Jarboe must be tried on that indictment. ECF 28.

3.  On April 30, 2024, the grand jury returned a Superseding Indictment against the defendants, Owen Jarboe, Evan Strauss, and Brayden Grace, charging them with one count of Conspiracy in violation of 18 U.S.C. § 371; one count of Cyberstalking in violation of 18 U.S.C. § 2261A(2)(B); two counts of Interstate Threat to Damage or Destroy by Means of Fire or Explosive in violation of 18 U.S.C. § 844(e); and two counts of Interstate Threatening

1

Communication in violation of 18 U.S.C. § 875(c).

4. Defendant Jarboe made his initial appearance on the Superseding indictment on May 29, 2024. ECF 49. Defendants Strauss and Grace made their initial appearances on the Superseding Indictment on June 5, 2024. ECF 50 and 54.

5. All three defendants are presently detained in the custody of the U.S. Marshal's Service. ECF 36, 52, and 57.

6. Under the Speedy Trial Act, a criminal defendant must be brought to trial within seventy days of the later of either the filing of an indictment or the first appearance before a judicial officer of the court in which the charge is pending. 18 U.S.C. § 3161(c)(1).

7. The Speedy Trial Act permits a trial court to continue a trial date beyond the seventy-day limit if such continuance is granted by the Court on the basis of a finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). In deciding whether to grant such a continuance, the Court may consider, *inter alia*, whether the failure to grant the continuance would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

8. The discovery in this case includes a large amount of data from multiple electronic devices seized pursuant to the execution of search warrants and is therefore voluminous. In addition, counsel for at least one defendant has advised that they have been unable to fully consult with their client about the case and evidence while he has been detained away from the Baltimore area. Counsel for the defendants will need additional time to review the discovery, consult with the defendants, prepare for trial, and if appropriate, engage in plea discussions, taking into account the exercise of due diligence. A plea disposition in this case would serve the interests of justice

because it would allow the parties to enter into a mutually acceptable and beneficial disposition and would also preserve the resources that might otherwise be expended in a trial.

9. Given this, the government submits that the ends of justice served by continuing the trial of this matter beyond the speedy trial date outweigh the interests of the defendant and the public in a speedy trial, and, therefore, the resulting delay is permissible pursuant to 18 U.S.C. § 3161(h)(7).

10. Undersigned counsel has consulted with counsel for each of the defendants, who have advised they do not object to this motion.

WHEREFORE, the United States respectfully requests that this Court enter an Order permitting the parties to submit a status report on or before August 31, 2024, and finding that the period of time between May 2, 2024, and August 31, 2024, be excluded for purposes of calculating the time under the Speedy Trial Act in which the defendants must be tried.

Respectfully submitted,

Erek L. Barron
United States Attorney

By  /s/ Robert I. Goldaris

Robert I. Goldaris
Kathleen O. Gavin
Assistant United States Attorneys
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800

*Filed via CM/ECF*